UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VALERIE FLORES,

                         Plaintiff,

v.                                                 1:25-CV-0683
                                                 (GTS/MJK)

CREDIT ONE BANK; RESURGENT CAPITAL
SERVICES; and LVNV FUNDING,

                       Defendants.
_____

APPEARANCES:

VALERIE FLORES
   Plaintiff, *Pro Se*
P.O. Box 110 ACP 5749
Albany, New York 12201

GLENN T. SUDDABY, United States District Judge

# DECISION and ORDER

      Currently before the Court, in this *pro se* consumer credit action filed by Valerie Flores ("Plaintiff") against Credit One Bank, Resurgent Capital Services, and LVNV Funding ("Defendants"), are (1) United States Magistrate Judge Mitchell J. Katz's Report-Recommendation recommending that Plaintiff's claims be dismissed without prejudice and with leave to amend, and (2) Plaintiff's combined motion for reconsideration, motion for recusal, and "Notice of Appeal" (which the Court liberally construes as her Objections to the Report-Recommendation). (Dkt. Nos. 5, 6.)

      Even when construed with the utmost of special leniency, Plaintiff's Objections contain no specific challenge[1] to the Report-Recommendation. As a result, the Court need review the

---

[1]     To be "specific," an objection must, with particularity, "identify [1] the portions of the

Report-Recommendation only for clear error,[2] which it easily survives. In any event, even if the Court were to subject the Report-Recommendation to the heightened scrutiny appropriate for a specifically challenged Report-Recommendation,[3] the Court would find that it survives that scrutiny for the reasons stated therein: Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 10.) As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein. (*Id.*)

Turning to Plaintiff's motion for reconsideration, that motion is denied for each of three alternative reasons: (1) it is untimely under Local Rule 60.1 of the District's Local Rules of Practice, having been due on June 30, 2025;[4] (2) it is unsupported by a memorandum of law and

---

proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[3]    When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

[4]    The Court notes that Plaintiff was mailed a courtesy copy of the District's Local Rules of

affidavit, as required by Local Rule 7.1(b)(1),(2); and (3) it is without cause, unsupported by a showing of any the three grounds upon which a district court may justifiably reconsider its previous ruling – (a) an intervening change in controlling law, (b) new evidence not able to have previously been discovered, or (c) a demonstrated need to correct a clear error of law or to prevent manifest injustice, *see Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

Finally, Plaintiff's motion for recusal is denied for each of two alternative reasons: (1) it is unsupported by a memorandum of law and affidavit, as required by Local Rule 7.1(b)(1),(2); and (2) it is plainly without cause.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) **shall be DISMISSED with prejudice** and without further Order of this Court **UNLESS, within THIRTY (30) DAYS** of the entry of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** that cures the pleading (and jurisdictional) defects identified in the Report-Recommendation; and it is further

**ORDERED** that any timely **AMENDED COMPLAINT** filed by Plaintiff shall be automatically referred to Magistrate Judge Katz for his review; and it is further

**ORDERED** that Plaintiff's motion for reconsideration and motion for recusal (Dkt. No. 6) are **DENIED**.

---

Practice on May 29, 2025.  (Dkt. No. 3.)  She filed an acknowledgment of receipt on July 4, 2025.  (Dkt. No. 7.)

Dated: December 19, 2025
       Syracuse, New York

                                               Glenn T. Suddaby
                                               U.S. District Judge